**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.    7:18-CV-338 |
| | § | |
| 27.36 ACRES OF LAND, MORE OR | § | |
| LESS,  SITUATE IN HIDALGO | § | |
| COUNTY, STATE OF TEXAS; AND | § | |
| HEIRS OF ROMULO CAVAZOS, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

---

**COMPLAINT IN CONDEMNATION**

---

1.      This is a civil action brought by the United States of America at the request of the

Secretary of the Department of Homeland Security, through the Acquisition Program Manager,

Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate,

U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for

the taking of property under the power of eminent domain through a Declaration of Taking, and

for the determination and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§

1358.

3.      The interest in property taken herein is under and in accordance with the authority

set forth in Schedule "A."

4.      The public purpose for which said interest in property is taken is set forth in

Schedule "B."

5.      The legal description and map or plat of land in which certain interests are being

1

acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in Schedules "C" and "D."

6.      The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.      The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.      The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.      Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:      *s/ MEGAN EYES*
**MEGAN EYES**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78526
Telephone:  (956) 618-8010
Facsimile:  (956) 618-8016
E-mail: Megan.Eyes@usdoj.gov
Attorney in Charge for Plaintiff

And

**JOHN A. SMITH, III**
Assistant United States Attorney
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 888-3111
Facsimile: (361) 888-3234
E-mail: jsmith112@usdoj.gov
Attorney for Plaintiff

# SCHEDULE

# A

## **SCHEDULE A**

### AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348, which appropriated the funds that shall be used for the taking.

# SCHEDULE

# B

## **SCHEDULE B**

## PUBLIC PURPOSE

The public purpose for which said property is taken is to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE
# C

## SCHEDULE C

### LEGAL DESCRIPTION

Hidalgo County, Texas

Tract: RGV-MCS-2119
Owner: Heirs of Romulo Cavazos, et al.
Acres: 27.36

As identified in the Warranty Deed, Document # 1952-9461, recorded on June 4, 1952, at
Volume 747, Pages 410-411 in the Deed Records of Hidalgo County:

In Section Number Twenty-Eight (28) out of and a part of what is known as the La Lomita
Subdivision of Porciones 53, 54, 55, 56, and 57, Hidalgo County, Texas, according to map
or plat thereof recorded in the public records of said Hidalgo County, to which reference
is hereby made for more complete description thereof, to-wit;

1. A part of Porcion 55 described by metes and bounds as follows:  Beginning at a
point where the west line of Porcion 55 intersects the south edge of the borrow pit of the
Old United Irrigation Company Main Canal (now owned by Hidalgo County Water Control
and Improvement District No. 14); thence south with the west line of said Porcion 55 to
the north bank of the Rio Grande; thence downstream with the north bank of said Rio
Grande to a point where it intersects the west line of the former United Irrigation Company
First Lift Pump Site as set out and described in deed dated December 31, 1951 executed
by Mary O'Brien Shary, et al conveying to Hidalgo County Water Control and
Improvement District No. 14 said First Lift Pump Site and certain other lands of the
Irrigation System, said deed being recorded in Vol. 736, Page 82, of the Deed Records of
Hidalgo County, Texas, to which reference is here made for a more particular description
of the west line of said First Lift Pump Site; thence in a northerly direction with the west
line of said First Lift Pump Site to a point where it intersects the south edge of the borrow
pit of said Main Canal; thence in a northwesterly direction with the south edge of the
borrow pit of said Main Canal to the place of beginning, including therein all that part of
Maria Inez Banco No. 46 lying in Porcion 55; SAVE AND EXCEPT all oil, gas and other
minerals as hereinafter set out and reserved;

2. That part of Maria Inez Banco No. 46 lying in Porcion 54, said Banco No. 46
being cut off from the Republic of Mexico in the year A.D. 1880 and surveyed and marked
by the International Boundary Commission, United States and Mexico, made in the year
A.D. 1910 map or plat of same being of record in the office of the County Clerk of Hidalgo
County, Texas, to which reference is here made; SAVE AND EXCEPT all oil, gas, and
other minerals as hereinafter set out and reserved.

All of said lands and premises being according to maps or plats thereof of record in the office of the County Clerk of Hidalgo County, Texas, to which reference is here made; there being herein conveyed all of said Maria Inez Banco No. 46.

Tract: RGV-MCS-2119

# SCHEDULE

# D

## SCHEDULE D

## MAP or PLAT



Acreage: 27.36

* The case caption identifies acreage for the entire parent tract; access to the entire parent tract may be necessary to complete a survey of the proposed tract outlined in red on the map above.

# SCHEDULE E

## SCHEDULE E

### ESTATE TAKEN

Hidalgo County, Texas

Tract: RGV-WSL-2119
Owner: Heirs of Romulo Cavazos, et al.
Acres: 27.36

   The estate taken is a temporary, assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C to survey, make borings, and conduct other investigatory work for the purposes described in Schedule B and to access adjacent lands; including the right to trim or remove any vegetative or structural obstacles that interfere with said work; reserving to the landowners, their successors and assigns all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired; subject to minerals and rights appurtenant thereto, and to existing easements for public roads and highways, public utilities, railroads and pipelines.

# SCHEDULE

# F

## **SCHEDULE F**

### ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is ONE HUNDRED

DOLLARS AND NO/100 ($100.00), to be deposited herewith in the Registry of the Court

for the use and benefit of the persons entitled thereto; and, an additional sum determined

at the conclusion of the temporary estate described in Schedule E to constitute actual

damages, if any.

# SCHEDULE G

## SCHEDULE G

### INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. *See* Fed. R. Civ. P. 71.1(c).

| Interested Parties | Reference |
|---|---|
| **Heirs of Romulo Cavazos:** | RGV-MCS-2119: |
| Anna Pirone Kilbourne<br>5228 McCormick Mountain Drive<br>Austin, Texas 78734-1814 | June 4, 1952 – Warranty Deed –<br>Document #: 1952-9461; Volume 747,<br>Page 410; Deed Records of Hidalgo<br>County |
| Rita Pirone Noak<br>10701 Lovridge Court<br>Austin, Texas 78739-1786 | October 14, 1997 – Affidavit of Heirship<br>of Romulo Cavazos – Document #: 1997-<br>629918; Deed Records of Hidalgo County |
| Jose C. Anzaldua, Jr.<br>2132 Martin Avenue<br>McAllen, Texas 78504-3812 | October 21, 2015 - Obituary of Baudilia<br>Cavazos Pirone (sister of Romulo<br>Cavazos) published by The Monitor, |
| Aurora A. Garcia<br>6637A El Camino Real<br>Mission, Texas 78572-1505 | McAllen, Texas |
| Norma Alicia Anzaldua<br>6637 El Camino Real, Apt 9<br>Mission, Texas 78572-1505 | January 29, 2007 - Affidavit of Heirship<br>of Aurora C. Anzaldua (sister of Romulo<br>Cavazos)- Document #: 2007-1714961,<br>Deed Records of Hidalgo County |
| Maria Elena Ovalle<br>219 Santa Fe Street<br>Edinburg, Texas 78541-9477 | |
| Yolanda A. Martinez<br>308 N. 13th St<br>Donna, Texas 78537-2816 | |
| Delia A. Mendoza<br>6636 El Camino Real<br>Mission, Texas 78572-1505 | |
| Rene Anzaldua | |

| | |
|---|---|
| 6644 El Camino Real<br>Mission, Texas 78572-1505<br><br>Betty Anzaldua<br>P.O. Box 1393<br>Espanola, New Mexico 87532-1393<br><br>Rebecca Y. Serrano<br>P.O. Box 1144<br>Espanola, New Mexico 87532-1144<br><br>Patrick Donald Anzaldua<br>P.O. Box 109<br>Hernandez, New Mexico 87537-0109<br><br>Ronald R. Anzaldua<br>4631 W. Flint Street<br>Chandler, Arizona 85226-2986<br><br>Reynaldo Anzaldua<br>213 N. 13th St<br>Donna, Texas 78537-2813<br><br>Ernesto Flores, Jr.<br>4316 Cholla Dr NE<br>Rio Rancho, New Mexico 87144-5740<br><br>Imelda Flores Gonzalez<br>6609 Needham Lane<br>Austin, Texas 78739-1578<br><br>Elvira Flores de Anda<br>304 Rose Marie Street<br>Mission, Texas 78574-2320<br><br>Jorge A. Flores<br>29303 Mandetta Drive<br>Boerne, Texas 78015<br><br>Mary Lou Flores<br>1820 Peace Avenue<br>Mission, Texas 78572 | December 16, 1997 – Affidavit of Heirship for Ernesto G. Flores and wife, Maria C. Flores – Document #: 1997-642979; Deed Records of Hidalgo County |

| | |
|---|---|
| Roberto Efrain Flores, Jr.<br>2904 San Efrain<br>Mission, Texas 78572-7616<br><br>Emma Catherine Flores<br>901 Sunrise Lane<br>Mission, Texas 78574-2387<br><br>Joseph Alfonso Flores<br>1820 Peace Avenue<br>Mission, Texas 78572<br><br>Dora Elda Flores<br>901 Sunrise Lane<br>Mission, Texas 78574-2387<br><br>Victoria Monica Flores<br>1820 Peace Avenue<br>Mission, Texas 78572<br><br>Natalie Marie Flores-Henly<br>1820 Peace Avenue<br>Mission, Texas 78572<br><br>Unknown Heirs of Hilda Cavazos,<br>deceased July 7, 2004<br><br>Efrain Cavazos<br>address unknown<br><br>Humberto Cavazos<br>address unknown<br><br>Rogerio Alfredo Cavazos<br>address unknown<br><br>Maria Rosario Cavazos<br>address unknown<br><br>Bertha Oralia Cavazos<br>address unknown<br><br>Ruben Armando Cavazos<br>address unknown | |

| | |
|---|---|
| Jose Alfredo Cavazos (a/k/a Fred Cavazos)<br>4109 S. Conway Avenue<br>Mission, Texas 78572-1525<br><br>Eloisa Rosa Cavazos<br>4109 S. Conway Avenue<br>Mission, Texas 78572-1525<br><br>Baudilia Lydia Cavazos Rodriguez (a/k/a Baudelia Lydia Cavazos Rodriguez, a/k/a Baudilia Lidya Cavazos)<br>1600 W. Gardenia Avenue<br>McAllen, Texas 78501-3216 | |
| **Heirs of Raul Cavazos:**<br><br>Jose Alfredo Cavazos (a/k/a Fred Cavazos)<br>4109 S. Conway Avenue<br>Mission, Texas 78572-1525<br><br>Eloisa Rosa Cavazos<br>4109 S. Conway Avenue<br>Mission, Texas 78572-1525<br><br>Baudilia Lydia Cavazos Rodriguez (a/k/a Baudelia Lydia Cavazos Rodriguez, a/k/a Baudilia Lidya Cavazos)<br>1600 W. Gardenia Avenue<br>McAllen, Texas 78501-3216 | RGV-MCS-2119:<br>June 4, 1952 – Warranty Deed – Document #: 1952-9461; Volume 747, Page 410; Deed Records of Hidalgo County<br><br>March 3, 1980 – Affidavit of Heirship of Raul Cavazos – Document #: 1980-6852; Volume 1662, Page 368; Deed Records of Hidalgo County<br><br>December 21, 1990 – Affidavit of Heirship of Raul Cavazos – Document #: 1990-191702; Volume 3010, Page 854; Deed Records of Hidalgo County |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

27.36 Acres of Land, More or Less, Situate in Hidalgo County, State of Texas; and Heirs of Romulo Cavazos, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hidalgo
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Megan Eyes, United States Attorney's Office, SDTX, 1701 West Bus. Hwy. 83, Ste. 600, McAllen, TX 78501

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☒ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 U.S.C. 3113 and 3114

Brief description of cause:
Land condemnation proceeding for temporary easement (right of entry) to survey and conduct testing

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE
11/05/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____