# EXHIBIT 1

1300 Pennsylvania Avenue NW
Washington, DC 20229



**U.S. Customs and Border Protection**

I, LOREN FLOSSMAN, hereby declare as follows:

1. I am employed as the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security. I make this declaration based on my personal knowledge of the matters recited, or based upon information available to me from the files maintained by my office in this matter.

2. The United States has a vital interest in controlling its international borders. As part of the ongoing effort to secure the borders and reduce illegal immigration, Congress has ordered the construction of primary pedestrian levee fencing in Hidalgo County, Texas, and primary pedestrian fencing in Starr County, Texas, including additional physical barriers, roads, lighting and related infrastructure along the United States/Mexico border. Pursuant to the Act of Congress approved on March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348, which appropriated the funds that shall be used for the taking, the Secretary of Homeland Security is to identify locations where such infrastructure would be most practical and effective in deterring smuggling and illegal entry.

3. The United States requires immediate access to the subject land as a preliminary step toward meeting this congressional mandate.

4. Prior to the construction described in paragraph 2, the United States must identify potential sites for infrastructure, access roads, and staging and work areas needed for construction; conduct investigatory work to determine each site's suitability such as environmental, appraisal, archeological, survey and other preliminary testing; make final determinations as to the type and location of infrastructure to be built, if any; and acquire any property interests needed for

construction. Only after these steps are completed can the United States begin construction. All survey contracts have been awarded by the United States, meaning the United States must gain access to the property immediately to avoid contract delay costs. The construction contracts are scheduled to be awarded by November 2018.

5. The subject land lies in close proximity to the United States/Mexico border.

6. The subject land has been identified as a potential site for the construction of the infrastructure described in paragraph 2, or as a potential site for an access road or staging or work area.

7. The United States requires physical access to the subject land to conduct the investigatory work discussed in paragraph 4 to determine the suitability of the site for the construction of the infrastructure described in paragraph 2, or for use as an access road or staging or work area. This determination cannot be made without physical access to the subject land.

8. The interest taken in the subject land is a temporary right of entry that is minimally intrusive and reserves to the landowner all rights and possessory interests that do not interfere with the government's access for investigatory work.

9. The sum estimated as just compensation for this temporary access is one hundred and 00/100 dollars ($100.00), which was deposited in the registry of the court for the use and benefit of the persons entitled thereto based upon the Declaration of Taking for this case.

I declare the above information is true and correct to the best of my knowledge, information, and belief, under penalty of perjury. I further declare that this Declaration was executed on this 05 day of Nov, 2018, in Washington, D.C.

*[signature]*
LOREN FLOSSMAN
Acquisition Program Manager
Wall Program Management Office
U.S. Border Patrol Program Management Office Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
Department of Homeland Security