IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:18-CV-338 |
| 27.36 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND HEIRS OF ROMULO CAVAZOS, ET AL., | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S REPLY TO DEFENDANTS BAUDILIA LYDIA CAVAZOS RODRIGUEZ, JOSE ALFREDO CAVAZOS, ELOISA ROSA CAVAZOS, AND REYNALDO ANZALDUA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED HEARING**

**TO THE HONORABLE JUDGE OF SAID COURT:**

The United States of America ("United States"), Plaintiff herein, respectfully submits this reply, pursuant to Local Rule 7.4, to Defendants Baudilia Lydia Cavazos Rodriguez, Jose Alfredo Cavazos, Eloisa Rosa Cavazos, and Reynaldo Anzaldua's (collectively referred to herein as "Defendants") Response in Opposition to Plaintiff's Motion for Expedited Hearing filed on December 4, 2018 (Dkt. No. 19).

## BACKGROUND

This Court has the power to grant Plaintiff possession of the temporary easement sought. 40 U.S.C. § 3114. The United States has acquired the temporary easement at issue under the Declaration of Taking Act; therefore, the United States is entitled to immediate possession of the easement. *See United States v. Miller*, 317 U.S. 329, 381; *Kirby Forest Indus. v. United States*,

1

467 U.S. 1, 5, 12. As stated in *Narramore v. United States*, Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and avoid delays in federal construction projects." 960 F.2d 1048, 1050 (Fed. Cir. 1992); *See Miller* at 381. Without immediate possession the United States will face unnecessary delay in surveying the RGV-03 project area and will incur additional costs because of those delays. *See* Dkt. No. 17, Ex. 2, Aff. of Loren Flossman at ¶ 4 and Ex. 3, Aff. of Enrique Villagomez ¶¶ 3-10. Therefore, this Court should grant an expedited hearing on Plaintiff's Motion for an Order of Immediate Possession.

**ARGUMENT**

1. Contrary to Defendants' claim that their constitutional due process rights are at issue if the Court grants Plaintiff immediate possession, defendants do not have a pre-deprivation due process right with respect to possession; defendants are not required to even be joined in the condemnation proceeding before the transfer of possession, rather defendants must be joined before the trial on just compensation. Fed. R. Civ. P. 71.1(c)(3), (e)(3).

2. More importantly, Plaintiff is seeking non-exclusive possession for a right of entry onto Defendants' property, meaning Defendants do *not* need to surrender possession for Plaintiff to accomplish the necessary survey and site assessment of the subject property. Plaintiff has and will continue, to communicate with Defendants concerning any attempt to enter the property in order to minimize potential disruption to Defendants' regular activities.

3. As standard practice, the United States Army Corps of Engineers (USACE) and United States Customs and Border Protection (USBP) negotiate the request for a right of entry directly with the landowner. If negotiations for a right of entry prove unsuccessful or are impossible because of a landowner's unresponsiveness, a letter explaining the need for a

declaration of taking is mailed to the landowner.[1] The tract of land is then referred to the U.S. Attorney's Office for additional negotiations.

4.      The U.S. Attorney's Office consults the landowner to ensure that there are no outstanding requests for information and no or other outstanding questions about the right of entry process or the condemnation process in general. A Declaration of Taking is filed as a last resort, and only after an agreement on the right of entry is determined impossible. 8 U.S.C. § 1103(b)(3); *United States v. 1.04 Acres of Land, More or Less, Situate in Cameron County, State of Texas; Eloisa G. Tamez, et. al*., 538 F.Supp.2d 995, 1009-1011 (S.D.Tx. 2008).

5.      On April 20, 2018, the USACE contacted Defendant Jose Alfredo Cavazos by telephone regarding the right of entry for the subject property. On April 23, 2018, an in person meeting took place between Defendant Eloisa Rosa Cavazos and USBP to negotiate the right of entry for survey and site assessment. On May 8, 2018, Defendant Jose Alfredo Cavazos declined to sign the right of entry based on the advice of opposing counsel.

6.      On May 17, 2018, the USACE mailed Defendants a Declaration of Taking Notice Letter and referred the subject property to the U.S. Attorney's Office for the Southern District of Texas for further negotiation. On June 6, 2018, the undersigned Assistant United States Attorney contacted opposing counsel and requested a meeting to discuss the right of entry.

7.      Between June 1, 2018, and September 4, 2018, the U.S. Attorney's Office made additional attempts to negotiate a right of entry with the Defendants through opposing counsel. On July 13, 2018, opposing counsel explained in writing that Defendants "are still considering the request." Then, on September 4, 2018, the undersigned Assistant United States Attorney learned

---

[1] This letter is often referred to as a Declaration of Taking Notice Letter and informs the landowner that without permission to access his/her land a declaration of taking will be sought within the next 90 days.

that Defendants were no longer represented. At this point, based on Defendants' statements to the media, Plaintiff believed a right of entry was impossible and further negotiations would be futile.

8. Plaintiff could only file a Declaration of Taking after the requirements of the consultation clause set out in the Congressional mandate were fulfilled. Moreover, Defendants had notice of an eventual Declaration of Taking as early as May 17, 2018, but negotiations remained ongoing well into July 2018 when Plaintiff was led to believe through negotiations with opposing counsel that Defendants were still considering the right of entry request. Undersigned Assistant United States Attorney fully complied with the requirements of the consultation clause.

9. Additionally, the last deed of record for the subject property was filed in the Deed Records of Starr County in 1952. Both title owners were deceased at the time of negotiations with the Defendants and Plaintiff had to conduct extensive research in order to determine ownership of the subject property before filing the Declaration. Opposing counsel and Defendants provided no assistance regarding the ownership of the property. Thus, Defendants' claim that Plaintiff intentionally delayed in filing the Declaration of Taking and the Motion for Immediate Possession is unfounded and inaccurate. Dkt. No. 19, ¶¶ 10-11, 13.

## CONCLUSION

For the reasons above, Plaintiff prays this Court grant Plaintiff immediate possession of the temporary easement.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/Megan Eyes*
**MEGAN EYES**
Assistant United States Attorney
Southern District of Texas No. 3135118

        Florida Bar No. 0105888
        1701 W. Bus. Hwy. 83, Suite 600
        McAllen, TX 78526
        Telephone:  (956) 618-8010
        Facsimile:  (956) 618-8016
        E-mail: Megan.Eyes@usdoj.gov
        Attorney in Charge for Plaintiff

        and

        **JOHN A. SMITH, III**
        Assistant United States Attorney
        Southern District of Texas No. 8638
        Texas Bar No. 18627450
        One Shoreline Plaza
        North Shoreline Blvd., Suite 500
        Corpus Christi, Texas 78401
        Telephone: (361) 888-3111
        Facsimile: (361) 888-3234
        E-mail: jsmith112@usdoj.gov
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 11th 2018, I mailed a copy of the foregoing by regular mail to all *pro se* Defendants and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via ECF to the following counsel:

**Efren C. Olivares (email: efren@texascivilrightsproject.org).**

        By:   *s/Megan Eyes*
               **MEGAN EYES**
               Assistant United States Attorney