IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 7:18-cv-338 | |
| § | | |
| 27.36 ACRES OF LAND, MORE OR LESS, § | JURY TRIAL DEMANDED | |
| SITUATED IN HIDALGO COUNTY, STATE § | | |
| OF TEXAS; and HEIRS OF ROMULO § | | |
| CAVAZOS, ET AL., § | | |
| Defendants. § | | |

### DEFENDANTS BAUDILIA LYDIA CAVAZOS RODRIGUEZ, JOSE ALFREDO CAVAZOS, ELOISA ROSA CAVAZOS, and REYNALDO ANZALDUA'S ORIGINAL ANSWER

Defendants BAUDILIA LYDIA CAVAZOS RODRIGUEZ, JOSE ALFREDO CAVAZOS, ELOISA ROSA CAVAZOS, and REYNALDO ANZALDUA ("Defendants"), hereby file their Original Answer to the United States of America's Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation.

The Court granted Plaintiff's Motion for an Order of Immediate Possession on December 12, 2018. Dkt. No. 21. Pursuant to that Order, surveying of Defendants' property took place between December 18 and 20, 2018.

### RESPONSES TO THE COMPLAINT IN CONDEMNATION (DKT. NO. 1)

1. Defendants do not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2, subject to their objections and defenses stated below.

3. Defendants do not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which addresses Plaintiff's Schedule A ("Authority for the Taking,"

Dkt. No. 1-1).

4. Defendants do not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 1-1).

5. Defendants assert that they own a full fee simple absolute interest in the approximately 27.36 acres of land affected by this condemnation suit. In response to paragraph 5, Defendants admit that the aerial map or plat of these 27.36 acres of land in Schedule D ("Map or Plat," Dkt. No. 1-1) appears to be more or less accurate. However, Defendants object to the extent that the legal description of this property in Schedule C ("Legal Description," Dkt. No. 1-1) may not be accurate. This inaccuracy includes, specifically, the possibility that the property is not a part of Porcion 55, as Plaintiff asserts, but rather a part of Porcion 54.

6. In response to paragraph 6, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 1-1), Defendants again assert that they own a full fee simple absolute interest in the approximately 27.36 acres of land affected by this condemnation suit. Defendants also again admit that the aerial map or plat of this acreage in Schedule D (Dkt. No. 1-1) appears to be more or less accurate, but they also again object to the extent that the legal description of the property in Schedule C (Dkt. No. 1-1) may not be accurate.

7. Defendants deny that the sum estimated in paragraph 7, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 1-1), constitutes just compensation for the temporary one-year assignable easement. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for the period of time it seeks, in violation of Federal Rule of Civil Procedure

71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. Specifically, Plaintiff has both (i) lacked any coherent standards for estimating just compensation for land taken pursuant to 8 U.S.C. § 1103(b), and (ii) failed to take into account the entire effect of the proposed taking on Defendants. This includes the proposed taking's interference with Defendants' uninterrupted right to quiet enjoyment of the property and its threat to their ability to ensure safety for the tenants and various farm animals residing on the property. Defendants assert that the just compensation required under law is greater than Plaintiff alleges, and therefore request, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just compensation for both the taking and any damages that may result from it.

8. In response to paragraph 8, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 1-1), Defendants assert that they and the additional parties listed in Defendants' Certificate of Interested Parties (Dkt. No. 16) own a full fee simple absolute interest in the approximately 27.36 acres of land affected by this condemnation suit.

9. To the extent that paragraph 9 requires an answer, Defendants again assert that they and the additional parties listed in Defendants' Certificate of Interested Parties (Dkt. No. 16) own a full fee simple absolute interest in the 27.36 acres of land affected by this condemnation suit.

## RESPONSES TO THE DECLARATION OF TAKING (DKT. NO. 2)

10. Defendants do not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 2-1).

11. Defendants do not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 2-1).

12. In response to paragraph 3, Defendants object to the extent that the legal description of this property in Schedule C ("Legal Description," Dkt. No. 2-1) may not be accurate. This inaccuracy includes, specifically, the possibility that the property is not a part of Porcion 55, as Plaintiff asserts, but rather a part of Porcion 54.

13. In response to paragraph 4, Defendants admit that the aerial map or plat of these 27.36 acres of land in Schedule D ("Map or Plat," Dkt. No. 2-1) appears to be more or less accurate.

14. In response to paragraph 5, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 2-1), Defendants incorporate their answer from paragraph 6, above.

15. In response to paragraph 6, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 2-1), Defendants incorporate their answer from paragraph 7, above.

16. In response to paragraph 7, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 2-1), Defendants incorporate their answer from paragraph 8, above.

17. As for paragraph 8, Defendants admit that Plaintiff made some efforts to negotiate acquisition of the property interest sought; however, Defendants deny that Plaintiff made best efforts in this endeavor.

## DEFENDANTS' OBJECTIONS AND DEFENSES

18. Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendants

set out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of a temporary assignable easement on the approximately 27.36 acres of land Plaintiff seeks. Defendants would show the following:

19. Plaintiff has exceeded its condemnation powers by seeking to conduct surveying and testing needed prior to constructing "related structures" on the condemned property. The stated intent to construct "related structures" exceeds the grant of authority contained in 8 U.S.C. § 1103(b) note, which provides for "reinforced fencing," "physical barriers, roads, lighting, cameras, and sensors," but not "related structures." To the extent that Plaintiff's stated public purpose fails to define "related structures," Defendants object. *See* Schedule B, Dkt. No. 1-1, 2-1.

20. Plaintiff has exceeded its condemnation powers by seeking to condemn property that does not lie "along" the U.S-Mexico border. The stated intent to condemn Defendants' property exceeds the grant of authority contained in 8 U.S.C. § 1103(b) note, which provides for construction of fencing situated specifically "*along* the border" (emphasis added). The portion of Defendants' land the Government seeks to condemn lies neither on nor adjacent to the U.S.-Mexico border as defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas Co.*, 62 F.Supp. 181, 194 (S.D. Tex. 1945) and the Supreme Court in *U.S. v. States of La., Tex., Miss., Ala. and Fla.*, 363 U.S. 1, 36, 48 (1960). *See* Schedule D, Dkt. No. 1-1, 2-1.

21. Plaintiff has exceeded its condemnation powers by failing to engage in bona fide negotiations with Defendants. Specifically, Plaintiff initiated the instant proceeding against Defendants' property without either (i) inviting Defendants to fix a price for the interest Plaintiff

seeks, or (ii) making best efforts to agree with Defendants on a reasonable price for that interest in line with rational and lawful standards for determining a reasonable price. Defendants object to the extent that this failure violates 8 U.S.C. § 1103(b)(2) and (3).

22. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 8 U.S.C. § 1103(b) and note. This provision requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which fencing is to be constructed" (emphasis added).

23. To the extent that Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendants object.

24. To the extent that waiving federal environmental and other statutes, as outlined in the notice published in the Federal Register on October 11, 2018 by the Department of Homeland Security, may violate federal law, Defendants object. *See* 83 FR 51472, Doc. No. 2018-22063.

25. To the extent that Plaintiff has failed to comply with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq., Defendants object.

26. To the extent that Plaintiff has failed to conform the proposed condemnation to the Uniform Appraisal Standards for Federal Land Acquisitions, Defendants object.

27. To the extent that Plaintiff has exercised its condemnation authority under 8 U.S.C. § 1103(b) and note in an arbitrary and capricious manner, in violation of the equal

protection guarantees of the Fifth Amendment to the United States Constitution, Defendants object. On information and belief, Plaintiff has exercised its condemnation authority to take the property of small, vulnerable landowners, including Defendants, while leaving other landowners to the undisturbed possession of their estates.

28. To the extent that the land Plaintiff seeks to condemn may be subject to an exception set forth in the Secure Fence Act of 2006 if the topography has an elevation grade greater than ten percent, Defendants object.

29. Defendants reserve their right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendants' land. *See, e.g.*, Dkt. No. 21.

30. Defendants reserve the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

31. Defendants reserve the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

32. Defendants reserve further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

## **RELIEF REQUESTED**

33. For the foregoing reasons, Defendants BAUDILIA LYDIA CAVAZOS RODRIGUEZ, JOSE ALFREDO CAVAZOS, ELOISA ROSA CAVAZOS, and REYNALDO ANZALDUA respectfully request that the Court:

a. Enter an order limiting the duration of the temporary easement granted previously to Plaintiff, Dkt. No. 21, since the surveying activities upon which Plaintiff's request was premised have already taken place;

b. Allow Defendants to recover their expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) and the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable;

c. Grant Defendants' request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation; and

d. Grant Defendants any other relief the Court deems proper.

Dated: January 4, 2019                               Respectfully submitted,

**TEXAS CIVIL RIGHTS PROJECT**
By: */s/ Efrén C. Olivares*

Efrén C. Olivares
State Bar No. 24065844
SDTX Bar No. 1015826
Attorney-in-Charge for Defendants Baudilia L. Cavazos Rodriguez, Jose Alfredo Cavazos, Eloisa Rosa Cavazos, and Reynaldo Anzaldua
efren@texascivilrightsproject.org
Emma Hilbert
State Bar No. 24107808
SDTX Bar No. 2942270
emma@texascivilrightsproject.org
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 121

                                      Attorneys for Defendants BAUDILIA L. CAVAZOS RODRIGUEZ, JOSE ALFREDO CAVAZOS, ELOISA ROSA CAVAZOS, AND REYNALDO ANZALDUA

## Certificate of Service

The undersigned counsel hereby certifies that, on the 4th day of January 2019, he electronically submitted a true and correct copy of the foregoing Original Answer with the Court via the CM/ECF system, which will serve a copy on all counsel of record for Plaintiff.

                                        */s/ Efrén C. Olivares*
                                        Efrén C. Olivares